# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL A. DIAZ,<br><br>            Petitioner,<br><br>    v.<br><br>MARTIN BITER,<br><br>            Respondent. | )  Case No.: 1:14-cv-01673-JLT<br>)<br>)  ORDER TO SHOW CAUSE RE: EXHAUSTION<br>)  AND FAILURE TO STATE A COGNIZABLE<br>)  HABEAS CLAIM<br>)<br>)  ORDER DIRECTING THAT BRIEFS BE FILED<br>)  WITHIN THIRTY DAYS<br>) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have filed their written consent to the jurisdiction of the Magistrate Judge for all purposes.  (Docs.  9 & 12).

## PROCEDURAL HISTORY

The instant petition was filed on October 27, 2014.  (Doc. 1).  Both parties have filed their written consent to the Magistrate Jurisdiction for all purposes.  (Docs. 9 & 12).  On November 6, 2014, the Court ordered Respondent to file a response.  (Doc. 6).  On December 11, 2014, by order of this Court, the original petition was amended to include the name of the proper Respondent.  (Doc. 13).  On December 24, 2014, Respondent filed a motion to dismiss, contending that the petition should be dismissed because it seeks to collaterally attack a prior conviction.  (Doc. 14).  Petitioner has not filed an opposition.

///

## DISCUSSION

In reviewing Respondent's motion to dismiss and the record available to the Court, it has become apparent that two related and potentially fatal problems exist, i.e., exhaustion and failure to state a cognizable habeas claim, that have not been addressed by either party.  In order to fully appreciate these problems, a brief review of the claims and procedural posture of Petitioner's state convictions is necessary.

A.  State Court Proceedings

Following a plea of guilty, Petitioner was convicted on March 9, 2011 in the Kings County Superior Court of one count of unlawfully carrying a concealed weapon and one count of participation in a criminal street gang, and sentenced to a determinate term of three years and four months.  (Lodged Documents ("LD") 2).  When Petitioner was remanded into custody to serve this sentence, he was found to have secreted on his body three bindles, two of which were marijuana and methamphetamine. (Doc. 1, p. 26).  Petitioner was charged with one count of bringing a controlled substance into a jail; the information also contained an allegation of the two prior strikes from Petitioner's March 9, 2011 convictions.  (Id.).  Following a jury trial, Petitioner was convicted and sentenced to a term of 25-years-to-life plus additional enhancements because the new charged constituted a third strike.  (Id., p. 27).

Petitioner filed a direct appeal of this latter conviction, contending that the two substantive convictions from his 2011 case should be considered one strike rather than two and that the trial court in his second conviction violated state law in refusing to strike of the two predicate strikes.  The California Court of Appeal, Fifth Appellate District ("5th DCA"), ruled that the record was insufficient to determine whether the two strikes from the earlier 2011 conviction arose from the same act, and therefore affirmed the sentence.  (Doc. 1, pp. 25-29).  Petitioner filed a petition for review in the California Supreme Court that was summarily denied.  (LD 4).

As mentioned on October 27, 2014, Petitioner filed the instant federal habeas petition.  (Doc. 1). That petition contains a single claim for relief:

> Conviction obtained by plea of guilty which was unlawfully induced and not made voluntarily w/understanding of the nature of the charge and the consequences of the plea.  I took a deal in 2011 w/ 2 strikes on one case.  I was never explained that in doing so, I was giving up my right to ever motion to strike a strike.  The fact is that I took a deal on a case and one act for 2 strikes and somehow it got turned into two separate acts."

2

(Doc. 1, p. 4).

B. Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state and gives the state court the initial opportunity to correct the alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.

C. Failure to State A Cognizable Habeas Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he

is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall

entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in

violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules

Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that

"the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant

to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

D. Analysis

In the instant petition, Petitioner's claim does not allege a violation of the Constitution or

federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.

Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or

resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. §

2254.  In his supporting brief, which appears to be taken directly from Petitioner's Petition for Review

in the California Supreme Court, Petitioner raises only state law claims based on violations of state

cases and laws, and, generally, issues of state law are not cognizable on federal habeas review.  Estelle

v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does

not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v.

Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does

not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed,

federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877

F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).  Given that the 5th DCA's decision

analyzing this state law claim was adverse to Petitioner's contention, this Court would be bound by the

state court's interpretation of its own laws. Even assuming, as Respondent does, that the instant petition

challenges Petitioner's 2011 sentence, the claim, as presently framed, raises only issues of state law. Hence, construing the claim either as a challenge to the 2011 or the 2012 conviction, it appears that it fails to state a cognizable federal habeas claim.

To the extent that the instant claim is considered a challenge to the 2011 conviction, it appears to be completely unexhausted since Petitioner never filed a direct appeal from his guilty plea and it does not appear that he ever attempted to exhaust this claim through state habeas proceedings. To the extent the instant claim is considered a challenge to Petitioner's 2012 conviction, it, again, is entirely unexhausted since the Petition for Review presented the issue to the California Supreme Court only as a state law question. By only presenting the claim as a state law claim, Petitioner did not give the state high court a "full and fair" opportunity to hear the claim as a federal constitutional issue. Duncan, 513 U.S. at 365. Since this Court, as a habeas court, can only hear federal constitutional issues, the claim is unexhausted.

In the motion to dismiss, Respondent construes Petitioner's claim to be a challenge to his 2011 conviction and sentence, despite the fact that the direct appeal in the **2012** conviction first raised the issue of whether the two 2011 convictions should be considered, for sentencing purposes, as one strike or two, and despite the fact that Petitioner was serving only a 3 year and four months term on the 2011 conviction while he was sentenced to an indeterminate 25-year-to-life term on the later conviction. It makes little sense that Petitioner would choose to challenge a conviction such as the 2011 sentence, which he had undoubtedly already completed and where he had never before raised any challenge in either the state or federal courts, while failing to challenge the indeterminate 25-years-to-life sentence he is presently serving, especially when the only issue he has pursued in that case has been this very issue.

Notwithstanding these circumstances, the motion to dismiss does not raise either the issue of exhaustion or failure to state a federal claim. However, in reviewing the motion to dismiss, it appears to the Court that, regardless of whether the instant petition is considered a challenge to the 2011 conviction or a challenge to the 2012 conviction, it is entirely unexhausted and raises only state law issues.

Because these issues have never been addressed or briefed by either party, and because they both go directly to the authority of this habeas court to hear Petitioner's claims, the Court will permit both parties thirty days within which to respond to this Order to Show Cause by filing legal arguments addressing the issues of exhaustion and failure to state a federal habeas issue, as more fully discussed above.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The parties are ORDERED TO SHOW CAUSE in writing within 30 days why the petition should not be or should be dismissed for failing to raise a cognizable federal claim and/or because it is fully unexhausted.  This order is directed to both parties and both SHALL file a written response.

IT IS SO ORDERED.

Dated:   __**January 28, 2015**__                 _____**/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE