UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL A. DIAZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN BITER,<br><br>　　　　Respondent. | Case No.: 1:14-cv-01673-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 14)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

　　　　In connection with a plea agreement, in 2011, Petitioner was convicted on two charges and sentenced to imprisonment. When he was processed into prison, he was found to be attempting to smuggle drugs into the facility and was convicted of this offense in 2012. When he was sentenced on this latter charge, he asserts he learned that the charges in the 2011 case were treated as two separate strikes. Thus, with the new 2012 conviction, he was sentenced under California's "three strikes" law.

　　　　Respondent moved to dismiss the petition and argued that if the petition was seeking to attack on the 2011 conviction, the petition was barred.[1] (Doc. 14). Alternatively, he argued that if the

---

[1] After further review of the pleadings, the Court issued an ordered to the parties to show cause why the petition should not be dismissed for his failure to exhaust his claims and his failure to state a cognizable federal habeas claim. (Doc. 16). In

1

petition sought to attack the 2012 conviction, the petition is unexhausted and fails to raise a cognizable federal claim. (Doc. 16)  The Court agrees and will **GRANT** the motion to dismiss.

I. **Factual History**

On March 9, 2011, following a plea of guilty, Petitioner was convicted in the Kings County Superior Court of one count of unlawfully carrying a concealed weapon and one count of participation in a criminal street gang (both "strikes" under California law). (Lodged Documents ("LD") 2). Pursuant to the plea agreement, he was sentenced to a determinate term of three years and four months (the "2011 conviction"). (Id.).  It does not appear that Petitioner appealed the 2011 conviction.

When Petitioner was remanded into custody to serve this sentence, he was found to have secreted on his body three bindles, two of which were marijuana and methamphetamine. (Doc. 1, p. 26). Petitioner was charged with one count of bringing a controlled substance into a jail. (Id.). The information also alleged the two prior strikes from Petitioner's 2011 conviction. (Id). Following a jury trial, Petitioner was convicted and sentenced to an aggregate term of 30-years-to-life pursuant to California's Three Strikes law (the "2012 conviction"). (Id., p. 27).

Petitioner filed a direct appeal of the 2012 conviction and sentence, contending that the two substantive convictions from the 2011 conviction should have been considered as one strike because they arose out of the same incident and facts, and that the trial court violated state law by refusing to strike one of the two predicate strikes from his 2011 conviction. The California Court of Appeal, Fifth Appellate District ("5th DCA") rejected Petitioner's argument, holding that the record was insufficient to determine whether the two strikes from the 2011 conviction arose from the same act and affirmed the sentence. (Doc. 1, pp. 25-29; LD 3). Petitioner filed a petition for review in the California Supreme Court that was summarily denied. (LD 4; 5).  The only issue presented to the state high court was whether "the trial court [was] required to dismiss one of appellant's two prior convictions under the Three Strikes law, when they arose from the same prior incident and were based upon the same act." (Doc. 1, p. 7; LD 4).

October 27, 2014, Petitioner filed the instant federal habeas petition, containing a single claim

---

his response, Respondent expanded his motion to dismiss to include lack of exhaustion and failure to state a cognizable habeas claim. (Doc. 21).  Petitioner did not respond to the order.

for relief:

> Conviction obtained by plea of guilty which was unlawfully induced and not made voluntarily w/understanding of the nature of the charge and the consequences of the plea. I took a deal in 2011 w/ 2 strikes on one case. I was never explained that in doing so, I was giving up my right to ever motion to strike a strike. The fact is that I took a deal on a case and one act for 2 strikes and somehow it got turned into two separate acts.

(Doc. 1, p. 4).

## II.  Discussion

### A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition because it does not challenge the conviction for which Petitioner is now in custody. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, Respondent may file a motion to dismiss after the court orders a response, and the Court will apply Rule 4 standards to review it. See Hillery, 533 F. Supp. at 1194 & n. 12.

### B.  Challenging Petitioner's 2011 Conviction Is Barred.

Respondent's original motion to dismiss contends that Petitioner is barred from seeking federal review for his 2011 conviction based on Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). The Court agrees.

In Lackawanna, the U.S. Supreme Court considered whether a § 2254 habeas petitioner could collaterally attack an earlier state conviction used to enhance the sentence for a later state conviction. The Court held that if a prior conviction is no longer open to review, then the defendant cannot collaterally attack the prior conviction through a § 2254 petition:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-404.

The Supreme Court recognized two possible exceptions to the bar. A petitioner in these circumstances may seek habeas relief if: 1) he challenges an enhanced sentence on the grounds that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment or 2) a defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and could not have uncovered such evidence in a timely manner. Id. at 405.

Given the foregoing, Lackawanna bars any litigation in this Court of the 2011 convictions. First, it is clear that the 2011 convictions are no longer open to attack in state court. Id.[2] As the United States Supreme Court noted, "[t]hese vehicles for review...are not available indefinitely and without limitation." Lackawanna, 532 U.S. at 402-403. Petitioner has waited over three years to challenge his 2011 conviction. Indeed, it appears that the only reason he has acted at all with respect to the 2011 conviction was Petitioner's subsequent 2012 conviction, for which the 2011 "strikes" were used as an enhancement. A Petitioner cannot simply revisit prior state court convictions *ad infinitum* whenever he runs afoul of the law and his prior convictions are used to enhance his later sentence.

Moreover, Petitioner does not allege any facts that would qualify him for an exception to the Lackawanna bar. Petitioner does not assert that the basis for his 2011 convictions was the trial court's failure to appoint counsel, nor does he demonstrate that he is actually innocent of the 2011 crimes. Further, as Respondent correctly notes, Petitioner made no showing that he diligently sought to challenge his 2011 conviction at the time it occurred, or when state review was available, but was unjustly denied the opportunity by the state courts.  Accordingly, to the extent that Petitioner is seeking

---

[2] The Court has found no evidence that Petitioner filed a direct appeal of his 2011 convictions, and Petitioner makes no such allegation. Accordingly, his direct appeal would have become final sixty days after entry of judgment. California Rules of Court, Rule 8.308(a); see People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Therefore, the judgment became final and direct review concluded sixty days after March 9, 2011, or on May 8, 2011.

habeas review of his 2011 conviction, federal habeas review is barred.

C.  Lack of Exhaustion And Failure To State A Claim.

In his response to the Court's January 29, 2015 order to show cause, Respondent argues that, to the extent that Petitioner is actually challenging his 2012 conviction rather than the 2011 conviction, the claim in the instant petition has never been raised in state court and thus is unexhausted. Respondent also contends that the claim, as framed, fails to articulate a cognizable federal habeas claim. The Court agrees with both arguments.

Initially, it must be noted that, as Respondent correctly observes, the claim presented in the instant petition, i.e., that Petitioner's guilty plea in the 2011 conviction was not knowing and voluntary because Petitioner was not aware the two convictions could be counted as two separate "strikes," is both legally and factually different from the only claim Petitioner ever raised in the California Supreme Court, i.e., that the trial judge in the 2012 conviction misapplied California law to permit both strikes from the 2011 conviction to be considered as enhancements in Petitioner's 2012 case.  This discrepancy is fatal to Petitioner's claim here because, as discussed below, the claim raised in the instant petition is not exhausted, while the only claim that Petitioner has exhausted, i.e., the claim raised in the petition for review, fails to state a cognizable federal habeas claim. Thus, in either event, the petition must be dismissed.

1.  Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).  Additionally, the petitioner must have specifically told the state court he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford,

232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001).  Where none of a petitioner's claims has been presented to the highest state court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

Here, the only issue raised by Petitioner in his 2012 petition to the California Supreme court was, as mentioned, whether the trial court was required under California law to treat the two predicate strikes from his 2011 conviction as only one strike because they arose out of the same incident and were based on the same act.  In that petition for review, Petitioner cites only California law. The crux of Petitioner's argument was whether the trial court should have followed one state appellate decision, People v. Burgos, 117 Cal.App.4th 1209 (2004) or another, People v. Scott, 179 Cal.App.4th 920 (2009).  Burgos held that convictions that arise out of the same incident and act are, for purposes of the Three Strikes law, considered as only one strike.  People v. Scott, 179 Cal.App.4th 920 (2009), holds to the contrary.  (Doc. 1, p. 11).  The petition for review asked the state Supreme Court to grant review,

> in order to secure uniformity and settle an important question of law by upholding the reasoning in People v. Burgos (2004) 117 Cal.App.4th 1209 that where both of a defendant's prior strike convictions arise from the same act, it is an abuse of discretion not to strike one of the convictions.

(Id.).

As discussed above, the claim in the instant petition claims that Petitioner's plea in his 2011 conviction was not knowing and voluntary because it was not explained to him that his two convictions could be used as separate "strikes" in a future prosecution.  Nowhere does Petitioner even allege, much less establish, that he has presented such a claim to the California Supreme Court.

Accordingly, the Court concludes that Petitioner has not presented the claim raised in his petition to the California Supreme Court as a federal constitutional claim, as required by the exhaustion doctrine.  Thus, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997); Rose, 455 U.S. 521-22.  Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

///

        2.  <u>Failure to State a Claim</u>.

Respondent argues also that the instant claim does not cite to any federal authority nor does it articulate any federal constitutional violation. Technically, this is correct. Petitioner cites no federal law in support of his claim nor does he articulate any constitutional provision that might have been violated by the manner in which his plea was taken in the 2011 conviction.

However, liberally construing Petitioner's claim, it is well-established that, under federal law, a guilty plea must be knowing and voluntary or else it may run afoul of violate federal due process guarantees. <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>see, e.g., Loftis v. Almager</u>, 704 F.3d 645, 647 (9th Cir. 2012)(to avoid due process concerns the record must show that, in guilty plea, defendant understood the nature of the charges and the consequences of his plea); <u>Tanner v. McDaniel</u>, 493 F.3d 1135, 1146-47 (9th Cir. 2007)(s;ame); <u>Little v. Crawford</u>, 449 F.3d 1075, 1080 (9th Cir. 2006) (same). However, even liberally construing the petition's claim to allege a federal constitutional violation, it is, as discussed above, completely unexhausted. Moreover, as discussed previously, Petitioner is barred under <u>Lackawanna</u> from attacking his 2011 conviction in these habeas proceedings.

To the extent that claim in the instant petition could somehow be interpreted as an attempt to raise the same issue that *was* exhausted in the California Supreme Court, i.e., whether the trial court correctly applied California law in refusing to strike one of the prior "strike" convictions from his 2011 conviction at his sentencing on the 2012 conviction, Petitioner framed and raised that issue solely as a question of state law. Thus, this Court is without jurisdiction to consider such a claim, even though it may be exhausted.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant

7

to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

In the claim raised in the petition for review from the 2012 conviction, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  In the supporting brief attached to the instant petition, which appears to be taken directly from Petitioner's Petition for Review in the California Supreme Court, Petitioner raises only state law issues based on violations of state cases and state laws.  Generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

In sum, Petitioner's attempt to challenge the validity of his two 2011 convictions on the grounds that his plea was not knowing and voluntary is barred by Lackawanna and the claim itself is entirely unexhausted.  To the extent that the petition can somehow be construed as an attempt to raise the only claim that Petitioner *has* exhausted, i.e., that the trial court violated California law by not striking one of his 2011 strike convictions, that claim fails to state a cognizable federal habeas claim, and thus the Court lacks habeas jurisdiction to proceed.  Accordingly, under any scenario, the petition must be dismissed.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a

writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

///

///

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. Respondent's motion to dismiss (Doc. 14), is **GRANTED**;
2. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** as unexhausted and for failure to state a cognizable habeas claim;
3. The Clerk of the Court is **DIRECTED** to enter judgment and close the file; and,
4. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 7, 2015**               /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE