UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL A. DIAZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARTIN BITER,<br><br>　　　　　Respondent. | Case No.: 1:14-cv-01673-JLT<br><br>ORDER DENYING PETITIONER'S CONSTRUED MOTION TO AMEND AS MOOT (Doc. 25) |

　　The petition in this case was filed on October 27, 2014. (Doc. 1). Subsequently, Respondent filed a motion to dismiss the petition, which the Court granted on May 7, 2015. (Docs. 23; 24). Judgment was entered on that same date. (Id.). However, it now appears that, on April 17, 2015, Petitioner filed another petition, but he failed to include the case number and did not identify the document as an amended petition. (Doc. 23). Accordingly, the Clerk of the Court assigned a new case number, 1:15-cv-00603-AWI-MJS ("15-603") and a different judge and that case proceeded separately from the instant case.

　　On September 23, 2015, the Magistrate Judge assigned to the new case issued Findings and Recommendations to construe the petition as an amended petition in this case and to close the case. (Doc. 10, case no. 15-603). On February 2, 2016, that Findings and Recommendations was adopted by the District Judge. (Id., Doc. 12). In accordance with the District Judge's order, the petition in

1  case no. 15-603 was re-filed in the instant case as a motion to amend.  Accordingly, despite the fact
2  that this case has been closed for nearly nine months, the Court now addresses itself Petitioner's
3  motion to amend.

4      A.  Motions to Amend.

5      A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and
6  without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a),
7  as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing
8  Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir.
9  1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other
10 amendments.  Rule Civ. P. 15(a).  Here, Respondent had already filed a responsive pleading in the
11 form of a motion to dismiss at the time Petitioner file his amended petition.  Accordingly, leave of
12 Court would be required.  Because the case in which the amended petition has been filed has already
13 been closed and judgment has been entered, any amended petition is moot.

14     B.  Mootness.

15     The case or controversy requirement of Article III of the Federal Constitution deprives the
16 Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104
17 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352
18 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties
19 lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The
20 Federal Court is "without power to decide questions that cannot affect the rights of the litigants before
21 them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v.
22 Hayworth, 300 U.S. 227, 240-241 (1937).

23     Here, as mentioned, the case was closed approximately nine months before this Court received
24 the instant motion to amend.  Accordingly, there is no case or controversy and, hence, any amendment
25 would be moot.  Therefore, the Court will deny the construed motion to amend.
26 ///
27 ///
28 ///

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner's construed motion to amend the petition (Doc. 25), is DENIED as MOOT.

IT IS SO ORDERED.

Dated: **February 3, 2016**            /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE